**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GEORGE C. WHITE,

      Defendant-Appellant.

No. 07-1018

(D.C. No. 06-CR-275-MSK)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

ordered submitted without oral argument.

George White ("White") was indicted on multiple child pornography offenses and

entered into a plea agreement with the government.  On appeal, he claims the government

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

breached the terms of this plea agreement by advocating a ten-year term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and remand with directions to vacate White's sentence and resentence before a different judge.

I.

In July of 2006, White was indicted on ten counts of receipt of child pornography through interstate commerce by computer or other means in violation of 18 U.S.C. § 2252A(a)(2)(B) and one count of possession of child pornography received through interstate commerce by computer or other means in violation of 18 U.S.C. § 2252A(a)(5)(B). White entered into a plea agreement with the government and pled guilty to six counts of willful and knowing receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). In exchange, the government agreed to "recommend to the Court that defendant be sentenced to the bottom of the guideline range," dismiss the remaining counts, and recommend a three-level reduction for acceptance of responsibility. Record on Appeal, ("ROA"), Vol. I, Doc. 22 at 1-2.

A presentence report ("PSR") was prepared and recommended a sentence of 121 months' imprisonment to be followed by six years of supervised release. Id., Vol. IV at R-1, SA-1. White had a category I criminal history. Id. The advisory guideline range suggested a sentence of 121 to 151 months' imprisonment and a supervised release period of two years to life. Id.

At White's sentencing hearing, the court announced its intention to sentence White to 121 months' imprisonment to be followed by ten years of supervised release. Id., Vol.

III at 24. The government responded that it recommended 121 months per count to be served concurrently and also stated that "we have no objection to the Court's imposition of a 10-year term of supervised release." Id. at 25. White's counsel argued that six years of supervised release would be sufficient and that a ten-year period would be "unnecessary and unreasonable in light of the circumstances." Id. The government responded that ten years of supervised release was appropriate in light of stipulated facts in the plea agreement. White's counsel argued that the government's support of a ten-year term of supervised release seemed inappropriate in light of the government's promise to recommend a sentence at the low end of the advisory range, but counsel added that White did not seek to withdraw his plea. The government responded that it did not believe the plea agreement included a recommendation regarding supervised release. The district court sentenced White to 121 months' imprisonment and ten years of supervised release.

## II.

"A claim that the government has breached a plea agreement is a question of law we review de novo, even where the defendant failed to object at the time of the alleged breach." United States v. Rodriguez-Delma, 456 F.3d 1246, 1250 (10th Cir. 2006), cert. denied, 127 S. Ct. 1338 (2007). To determine whether a breach has occurred, we "1) examine the nature of the promise; and 2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea." Id. (citations omitted). "General principles of contract law define the government's obligations under

-3-

the agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement." Id. at 1250-51.

White argues that the government breached the plea agreement by recommending a term of supervised release well over the guideline minimum because the word "sentence" in a plea agreement encompasses not only the term of imprisonment, but also the term of supervised release. See United States v. Sandoval, 477 F.3d 1204, 1207 (10th Cir. 2007) (finding that supervised-release conditions are part of "sentence" in context of appellate waiver in plea agreement). White requests a remand for resentencing by a different judge.

White's plea agreement stated that the government would "recommend to the Court that defendant be sentenced to the bottom of the guideline range once that range has been determined by the Court." ROA, Vol. I, Doc. 22 at 2. The government concedes that it breached the plea agreement because this language is ambiguous and must be construed against the government as the drafter of the document. The government also agrees with White that a remand for resentencing by a different judge is an appropriate remedy.

As counsel has argued, we have held that the appropriate remedy for a breach of a plea agreement by the government is either withdrawal of the plea agreement or resentencing before a different judge. See United States v. Brye, 146 F.3d 1207, 1213 (10th Cir. 1998); United States v. Hawley, 93 F.3d 682, 693-94 (10th Cir. 1996). As White does not seek to withdraw his plea, we will provide the alternative remedy of

-4-

resentencing before a different judge. We further add that this remedy is not intended to reflect in any way upon the fairness of the sentencing judge whose actions did not cause this result.

III.

We REMAND with directions to vacate White's sentence and resentence before a different judge.

Entered for the Court

Mary Beck Briscoe
Circuit Judge